**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION IN CINCINNATI**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     SANDRA L. MARSHALL | ) | |
| | ) | |
|         Debtor. | ) | **CASE NO. 09-10657** |
| | ) | |
| _____ | ) | **(Judge J. Vincent Aug, Jr.)** |
| | ) | |
|     SANDRA L. MARSHALL | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ADV. PRO. NO. 09-01106** |
| | ) | |
|     THE STUDENT LOAN CORP. | ) | |
| | ) | |
|         Defendant. | ) | |
| _____ | ) | |

## ANSWER OF EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Educational Credit Management Corporation ("ECMC"), assignee of certain student loan debt owed by Debtor/Plaintiff Sandra L. Marshall ("Plaintiff") formerly held by California Student Aid Commission, hereby answers Plaintiff's Complaint to Determine Dischargeability of Debt (the "Complaint") as follows:

1. ECMC admits the allegations contained in the first paragraph of the Complaint.

2. The allegations contained in the second paragraph of the Complaint are conclusions of law which do not require admission or denial; therefore ECMC denies the same.

3. ECMC denies the allegations contained in the third paragraph of the Complaint. ECMC affirmatively states that: (a) ECMC is the assignee of California Student Aid Commission;

and (b) the outstanding principal balance of Plaintiff's outstanding student loan indebtedness owed to ECMC is $31,454.00.

4. ECMC denies the allegations contained in the fourth paragraph of the Complaint. Answering further, ECMC states that the Bankruptcy Code allows for the discharge of student loans under 11 U.S.C. § 523(a)(8) only when repayment will impose an undue hardship on the debtor and the debtor's dependents. In *Oyler v. Educ. Credit Mgmt. Corp.*, 397 F.3d 382 (6th Cir. 2005), the Sixth Circuit adopted the *Brunner* standard for "undue hardship" which requires a three-part analysis: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. Based on the "undue hardship" standard adopted in the Sixth Circuit, ECMC denies the allegations contained in the fourth paragraph of the Complaint to the extent that Plaintiff seeks to obtain a discharge of her student loan obligations in this action.

5. ECMC lacks sufficient information to form a belief as to the truth of the allegations contained in the fifth paragraph of the Complaint, and therefore denies those allegations.

6. ECMC denies all other allegations not expressly admitted herein.

WHEREFORE, ECMC respectfully requests the Court enter judgment:

1. That this action be dismissed with prejudice;

2. That ECMC be awarded its taxable costs;

3. That if this action is not dismissed with prejudice, ECMC be allowed to amend or supplement this pleading as proof develops in this case; and

4. That ECMC be given all other relief to which it may be entitled.

Respectfully submitted,

 /s/ Jeffrey S. Rosenstiel
Jeffrey S. Rosenstiel (0066753)
FROST BROWN TODD LLC
7310 Turfway Road, Suite 210
Florence, Kentucky 41042
(859) 817-5905 office
(859) 283-5902 facsimile
*Counsel for Educational Credit Management Corporation*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer was served upon the following via the Court's CM/ECF system, on October 6th, 2009:

Paul J. Minnillo, Esq.
Christian A. Jenkins, Esq.
Minnillo & Jenkins Co., LPA
2712 Observatory Avenue
Cincinnati, OH 45208

 /s/ Jeffrey S. Rosenstiel
*Counsel for Educational Credit Management Corporation*

CINLibrary 0008587.0570676 2019989v1